

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. C. Winborn
District Attorney
Civil Courts Building
Houston, Texas

Dear Sir:

Opinion No. O-7385

Re: Fees that may be charged by a
county clerk in connection
with filing of transfers and
assignments of chattel mort-
gages in the office of county
clerk and related duties of
the county clerk.

We are in receipt of your letter of August 28, 1946,
requesting the opinion of this department on the above-stated
matter. Your letter reads in part as follows:

"1. Is there any fee which may be charged by a
county clerk in connection with filing of transfers
and assignments of chattel mortgages in the office
of such county clerk?

"2. If no fee has been prescribed for the fil-
ing of transfers and assignments of chattel mortgages,
and the handling thereof, in the office of the county
clerk, does the county clerk have the responsibility,
without fee, to accept for filing such transfers and
assignments presented by assignees of chattel mort-
gages?"

The only reference to the authority of clerks of the
County Court to collect fees for the performance of their offi-
cial duties concerning chattel mortgages is contained in Article
3930, Vernon's Annotated Civil Statutes of Texas which reads in
part as follows:

"Clerks of the County Court shall receive the follow-
ing fees: . . . for filing and registering and enter-
ing satisfaction and release of each chattel mortgage
$.75."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Obviously, the above quoted section of Article 3930 supra, does not authorize the imposition of a $.75 fee by clerks of the County Court for filing of transfers and assignments of chattel mortgages. In our Opinion No. O-6765-a, a copy of which has previously been furnished you, this Department ruled: "Statutes prescribing fees for public officers are strictly construed. United States vs. Shields, 153 U.S. 88, 38 L. Ed. 646, 14 Sup. Ct. 735. Unless a fee is provided by law and the amount thereof affixed by law, none can be charged; and an officer may be required by law to perform specific services for which no compensation is provided. McCalla vs. City of Rockdale, 112 Tex. 268, 246 S.W. 654."

We call your attention to Article 5494, Vernon's Annotated Civil Statutes of Texas relating to the chattel mortgage record, from which we quote in part: "When the instrument is the transfer of a lien, the county clerk shall enter on the margin, or under the head "remarks" in connection with the original record of registration of such lien, a notation, "transferred by . . . . . to . . . . . this . . . . . day of . . . . . , 19 . . . . . .," filling the blanks with the names of the parties and the date of such transfer, and note the date it is filed for registration." It is our opinion that the performance of such duties by the county clerk tolls a fee of $.10 by virtue of that portion of Article 3930 supra, which provides: "Clerks of the County Court shall receive the following fees: Filing each paper - $.10."

Therefore, our answer to your first question is that clerks of the County Court shall charge a fee of $.10 for the filing of each transfer or assignment of chattel mortgages, and that no other fee for the performance of their official duties required by that portion of Article 5494, supra, above quoted, may be charged.

Our answer to your first question precludes the necessity of answering your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Stewart W. DeVore
Assistant.

APPROVED SEP 10 1945
ATTORNEY GENERAL

SWDe/JMo

APPROVED
OPINION
COMMITTEE
BY CHAIRMAN